IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DISCOVERY COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 09-178-ER |
| | ) | |
| v. | ) | |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISCOVERY COMMUNICATIONS, INC., | ) | |
| | ) | |
| Counterdefendant. | ) | |
| | ) | |

**DISCOVERY COMMUNICATIONS, INC.'S REPLY TO
DEFENDANT AMAZON.COM, INC'S SECOND AMENDED
ANSWER, DEFENSES, AND COUNTERCLAIMS TO THE COMPLAINT,
AND DISCOVERY COMMUNICATIONS, INC.'S COUNTERCLAIM-IN-REPLY**

Plaintiff Discovery Communications, Inc. ("Discovery") hereby replies to the

counterclaims of Defendant Amazon.com, Inc.'s Second Amended Answer, Defenses, and

Counterclaims to the Complaint (D.I. 41) ("Answer") as follows:

63. Paragraph 63 of the Answer does not contain any allegations and therefore does not

require an answer.

64. Discovery lacks sufficient knowledge or information to form a belief as to the truth of

the allegations of paragraph 64 of the Answer, and therefore denies the allegations contained

therein.

65. Discovery admits the allegations of paragraph 65 of the Answer.

66. Discovery admits the Counterclaims arise under federal law. Discovery admits that this Court has jurisdiction.

67. Discovery admits the allegations of paragraph 67 of the Answer.

68. Discovery contests that venue is appropriate in this district for Amazon's counterclaims, given the pendency of similar counterclaims in the United States District Court for the Western District of Washington, and therefore denies the allegations of paragraph 68 of the Answer.

### First Counterclaim
### (Infringement of U.S. Patent No. 6,029,141)

69. Discovery realleges and reincorporates by reference all responses in paragraphs 63-68 of this Reply as though fully set forth herein.

70. Discovery admits the allegation of paragraph 70 of the Answer that, on its face, U.S. patent No. 6,029,141 ("the '141 patent"), entitled "Internet-Based Customer Referral System," indicates that it was issued by the PTO on February 2, 2000. Discovery admits the allegation of paragraph 70 of the Answer that what appears to be an accurate copy of the '141 patent was attached to the Answer as Exhibit A. Except as expressly admitted, Discovery lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 70 of the Answer, and therefore denies the remaining allegations contained therein.

71. Discovery denies the allegations of paragraph 71 of the Answer.

72. Discovery admits the allegation of paragraph 72 that it owns, receives revenue from, and is affiliated with an online store that is accessible at http://store.discovery.com and that sells products related to the Discovery Channel, The Learning Channel, Animal Planet, the Military Channel, and the Science Channel. Except as expressly admitted, Discovery denies the allegations of paragraph 72 of the Answer.

73. Discovery denies the allegations of paragraph 73 of the Answer.

74. Discovery denies the allegations of paragraph 74 of the Answer.

DB02:8791879.1                    068174.1001

75. Discovery denies the allegations of paragraph 75 of the Answer.

76. Discovery denies the allegations of paragraph 76 of the Answer.

## Second Counterclaim
### (Infringement of U.S. Patent No. 7,337,133)

77. Discovery realleges and reincorporates by reference all responses in paragraphs 63-76 of this Reply as though fully set forth herein.

78. Discovery admits the allegation of paragraph 78 of the Answer that, on its face, U.S. patent No. 7,337,133 ("the '133 patent"), entitled "Internet-Based Customer Referral System," indicates that it was issued by the PTO. Discovery denies that the '133 patent was issued by the PTO on February 26, 2000. Discovery admits the allegation of paragraph 78 of the Answer that what appears to be an accurate copy of the '133 patent was attached to the Answer as Exhibit B. Except as expressly admitted or denied, Discovery lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 78 of the Answer, and therefore denies the remaining allegations contained therein.

79. Discovery denies the allegations of paragraph 79 of the Answer.

80. Discovery admits the allegation of paragraph 80 that it owns, receives revenue from, and is affiliated with an online store that is accessible at http://store.discovery.com and that sells products related to the Discovery Channel, The Learning Channel, Animal Planet, the Military Channel, and the Science Channel. Except as expressly admitted, Discovery denies the allegations of paragraph 80 of the Answer.

81. Discovery denies the allegations of paragraph 81 of the Answer.

82. Discovery denies the allegations of paragraph 82 of the Answer.

83. Discovery denies the allegations of paragraph 83 of the Answer.

84. Discovery denies the allegations of paragraph 84 of the Answer.

## Third Counterclaim
### (Declaratory Relief Regarding U.S. Patent No. 7,298,851)

85. Discovery realleges and reincorporates by reference all responses in paragraphs 63-84 of this Reply as though fully set forth herein.

DB02:8791879.1                                                                                            068174.1001

86. Discovery admits the allegations of paragraph 86 of the Answer.

87. Discovery admits the allegation of paragraph 87 of the Answer only to the extent that subsequent communications took place wherein Discovery stated the relevance of the E-Book Patent Portfolio (identified in its October 2, 2008 letter) to Amazon's products and services and Discovery's willingness to license the Portfolio to Amazon. Except as expressly admitted, Discovery denies the allegations of paragraph 87 of the Answer.

88. Discovery admits the allegations of paragraph 88 of the Answer.

89. Discovery denies the allegations of paragraph 89 of the Answer.

90. Discovery admits the allegations of paragraph 90 of the Answer.

91. Discovery denies the allegations of paragraph 91 of the Answer.

92. Discovery denies the allegations of paragraph 92 of the Answer.

93. Discovery denies the allegations of paragraph 93 of the Answer.

94. In response to paragraph 94 of the Answer, Discovery admits that an actual a justiciable controversy has arisen and exists between Amazon and Discovery concerning the '851 Patent. Except as expressly admitted, Discovery denies the allegations of paragraph 94 of the Answer.

### Fourth Counterclaim
### (Declaratory Relief Regarding U.S. Patent No. 5,986,690)

95. Discovery realleges and reincorporates by reference all responses in paragraphs 63-94 of this Reply as though fully set forth herein.

96. Discovery admits the allegations of paragraph 96 of the Answer.

97. Discovery denies the allegations of paragraph 97 of the Answer.

98. Discovery denies the allegations of paragraph 98 of the Answer.

99. Discovery denies the allegations of paragraph 99 of the Answer.

100.    In response to paragraph 100 of the Answer, Discovery admits that application No. 08/336,247, from which the '690 patent issued, was filed on November 7, 1994. Except as expressly admitted, Discovery denies the allegations of paragraph 100 of the Answer.

101.    Discovery denies the allegation of paragraph 101 of the Answer that U.S. patent No. 4,517,598 (the "'598 patent") is one example of a prior art reference that, alone or in combination with other references, renders the claims of the '690 patent invalid under 35 U.S.C. §§ 102 and/or 103.  Discovery admits the remaining allegations of paragraph 101 of the Answer.

102.    Discovery denies the allegations of paragraph 102 of the Answer.

103.    Discovery denies the allegations of paragraph 103 of the Answer.

104.    Discovery denies the allegations of paragraph 104 of the Answer.

105.    Discovery denies the allegations of paragraph 105 of the Answer.

106.    In response to paragraph 106 of the Answer, Discovery admits that over half of the original claims, including claim 1, were rejected multiple times as being unpatentable over the prior art.  Except as expressly admitted, Discovery denies the allegations of paragraph 106 of the Answer.

107.    Discovery admits the allegations of paragraph 107 of the Answer.

108.    In response to paragraph 108 of the Answer, Discovery admits that applicants filed a response dated January 26, 1998; the content of the response speaks for itself.  Except as expressly admitted, Discovery denies the allegations of paragraph 108 of the Answer.

109.    Discovery admits the allegations of paragraph 109 of the Answer.

110.    Discovery denies the allegations of paragraph 110 of the Answer.

111.    Discovery denies the allegations of paragraph 111 of the Answer.

112.    Discovery denies the allegations of paragraph 112 of the Answer.

113.    In response to paragraph 113 of the Answer, Discovery admits that the title and quotations from the abstract of U.S. Patent No. 5,561,708 (the "'708 patent") are accurate. Discovery admits that the '708 patent consists of 11 pages, including 4 pages of written text, and two claims, the content of which speaks for itself.  Except as expressly admitted, Discovery denies the allegations of paragraph 113 of the Answer.

114.    In response to paragraph 114 of the Answer, Discovery admits that the '708 patent was disclosed in U.S. application No. 08/160,194 on December 2, 1998, application

No. 08/912,934 on December 2, 1998, 09/054,419 on February 18, 1999, and application

No. 09/157,574 on December 2, 1998, before the '690 patent issued. Discovery admits that John

S. Hendricks is a named inventor on the listed applications. Discovery admits that the '708

patent was not considered during the prosecution of the '690 patent. Except as expressly

admitted, Discovery denies the allegations of paragraph 114 of the Answer.

115.    Discovery denies the allegations of paragraph 115 of the Answer.

116.    Discovery denies the allegations of paragraph 116 of the Answer.

117.    In response to paragraph 117 of the Answer, Discovery admits that U.S. Patent

No. 5,404,505 (the "'505 patent") consists of 25 pages, including 18 pages of text, the content of

which speaks for itself. Except as expressly admitted, Discovery denies the allegations of

paragraph 117 of the Answer.

118.    In response to paragraph 118 of the Answer, Discovery admits that the '505

patent was disclosed in U.S. application No. 08/160,194 on December 2, 1998, application

No. 08/912,934 on December 2, 1998, 09/054,419 on February 18, 1999, and application

No. 09/157,574 on December 2, 1998. Discovery admits that John S. Hendricks is a named

inventor on the listed applications. Discovery admits that the '505 patent was not considered

during the prosecution of the '690 patent. Discovery admits that the '690 patent issued on

November 16, 1999. Except as expressly admitted, Discovery denies the allegations of

paragraph 118 of the Answer.

119.    Discovery denies the allegations of paragraph 119 of the Answer.

120.    Discovery denies the allegations of paragraph 120 of the Answer.

121.    In response to paragraph 121 of the Answer, Discovery admits that U.S. Patent

No. 5,461,667 (the "'667 patent") consists of 17 pages, including 8 pages of text, the content of

the which speaks for itself.  Except as expressly admitted, Discovery denies the allegations of

paragraph 121 of the Answer.

122.    In response to paragraph 122 of the Answer, Discovery admits that the '667

patent was disclosed in U.S. application No. 08/160,194 on December 2, 1998, application

DB02:8791879.1

068174.1001

No. 08/912,934 on December 2, 1998, 09/054,419 on February 18, 1999, and application

No. 09/157,574 on December 2, 1998.  Discovery admits that John S. Hendricks is a named

inventor on the listed applications.  Discovery admits that the '667 patent was not considered

during the prosecution of the '690 patent.  Discovery admits that the '690 patent issued on

November 16, 1999.  Except as expressly admitted, Discovery denies the allegations of

paragraph 122 of the Answer.

      123.    Discovery denies the allegations of paragraph 123 of the Answer.

      124.    Discovery denies the allegations of paragraph 124 of the Answer.

      125.    Discovery denies the allegations of paragraph 125 of the Answer.

<b>PRAYER FOR RELIEF</b>

      126.    Discovery denies that Amazon is entitled to any relief pursuant to its affirmative

defenses or counterclaims.

<b>AFFIRMATIVE AND OTHER DEFENSES</b>

      127.    Without admitting or acknowledging that it bears the burden of proof as to any of

them, Discovery asserts the following affirmative and other defenses and reserves the right to

amend its Reply as additional information becomes available.

<b><u>First Affirmative Defense</u></b><br><b>(License and/or Patent Exhaustion)</b>

      128.    To the extent functionality accused of infringing the claims of the '141 or '133

patents is provided by third-parties who have a license from Amazon to provide such

functionality, on information and belief Discovery is authorized to practice the patents-in-suit by

license and/or under the doctrine of patent exhaustion.

      129.    For example, in Case Nos. 06-242 and 06-452 (E.D. Tex.), Amazon alleged that

IBM infringed certain Amazon patents.  The dockets for those cases indicate that they ended in a

voluntary dismissal.  On information and belief, that dismissal included a license to IBM from

Amazon to practice Amazon patents.  To the extent functionality accused of infringing the '141

or '133 patents is provided by licensed IBM software, on information and belief Discovery is

7

authorized to practice the patents-in-suit by license and/or under the doctrine of patent exhaustion.

## Second Affirmative Defense
### (Noninfringement)

130.    Discovery has not directly, indirectly, literally, or under the doctrine of equivalents, infringed any valid and enforceable claim of the '141 and '133 patents.

## Third Affirmative Defense
### (Invalidity)

131.    Each claim of the '141 and '133 patents is invalid on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and 112 of Title 35, and/or under the doctrine of obviousness-type double patenting.  Examples of such grounds include:

132.    Each of the patents in suit fails to claim "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" under 35 U.S.C. § 101 because, inter alia, no claim of any of the patents in suit is tied to a particular machine or apparatus and does not claim a transformation of a particular article into a different state or thing, and therefore fails to claim subject matter patentable.

133.    Each of the patents in suit fails to fulfill the conditions for patentability specified in 35 U.S.C. §§ 102 and 103.  One or more of the claims of the '141 and '133 patents are invalid as anticipated by or obvious in view of patents filed in the United States by another before the date of the invention, including U.S. Patent No. 6,016,504, entitled "Method and System for Tracking the Purchase of a Product and Services Over the Internet."  One or more of the claims of the '141 patent is invalid as anticipated by or obvious in view of patents filed in the United States by another before the date of the invention, including U.S. Patent No. 6,141,666, entitled "Method and System for Customizing Marketing Services on Networks Communicating with Hypertext Tagging Conventions."  One or more of the claims of the '141 patent is invalid as anticipated by or obvious in view of patents filed in the United States by another before the date

8

of the invention, including U.S. Patent No. 6,460,072 (the "'072 patent"), entitled "Method and System for Tracking the Purchase of a Product and Services over the Internet."

134.    One or more claims of the '141 and '133 patents are invalid under § 102(b) because, in light of Amazon's own disclosures and activities with respect to its affiliates program prior to the critical date of June 27, 1996, the claimed invention was in public use or on sale in the United States prior to the critical date.  One or more claims of the '141 and '133 patents are invalid under § 102(a) because the claimed invention was known or used by others in the United States before the invention was allegedly made by the inventors of the '141 and '133 patents (the "Amazon inventors").  On information and belief, the inventors and/or persons associated with the '072 patent, persons associated with InfoSpace, Inc. of Bellevue, Washington, and persons associated with the websites http://www.cdnow.com, http://www.pcflowers&gifts.com, http://www.autoweb.com, http://www.kbkids.com, and http://www.brainplay.com, knew or used the claimed invention before it was allegedly made by the Amazon inventors.

135.    Each of the patents in suit fails to fulfill the conditions for patentability specified in 35 U.S.C. § 112.  One or more claims of the patents-in-suit is invalid for failure to meet the requirements of 35 U.S.C. § 112, first paragraph, at least because the specification does not contain an adequate written description of the invention claimed therein.  Moreover, one or more claims of the patents-in-suit is invalid for failure to meet the requirements of 35 U.S.C. § 112, second paragraph, at least because those claims fail to particularly point out and distinctly claim the subject matter the applicant regards as his invention.

**Fourth Affirmative Defense**
**(Prosecution History Estoppel/Prosecution Disclaimer)**

136.    Discovery reserves the right to assert that Amazon is barred under the doctrine of prosecution history estoppel from asserting a claim for infringement by equivalents, and is barred under the doctrine of prosecution disclaimer from asserting claim constructions that would be required to find infringement.

9

### Fifth Affirmative Defense
### (Laches)

137.   Amazon's First Counterclaim is barred by laches.  Amazon filed its claim for infringement of the '141 patent over nine years after the '141 patent issued.

### Sixth Affirmative Defense
### (Adequate Remedy at Law)

138.   No basis exists for the grant of equitable relief on Amazon's First and Second Counterclaims because Amazon would have an adequate remedy at law if there were infringement of the '141 and '133 patents, which there is not.

### Seventh Affirmative Defense
### (Failure to Mark)

139.   To the extent Amazon or its licensees have failed to mark any system to which the '141 or '133 patent is claimed to apply, 35 U.S.C. § 287 limits recovery to any damages Amazon alleged incurred subsequent to Discovery's notice of the '141 or '133 patent.

### Additional Defenses
### (Reserved)

140.   Discovery specifically reserves the right to assert any and all affirmative defenses that may become available through information developed in discovery, at trial, or otherwise, including the defense of unenforceability due to inequitable conduct.

## DISCOVERY'S COUNTERCLAIM-IN-REPLY

Further responding to Amazon's Counterclaims, Discovery hereby asserts the following Counterclaim-In-Reply against Amazon.

1.   This Counterclaim-In-Reply is for Amazon's infringement of U.S. Patent No. 5,986,690 (the "'690 patent"), entitled "Electronic book Selection and Delivery Service."

### Jurisdiction and Venue

2.   This is a claim alleging patent infringement arising under Title 35 of the United States Code.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

DB02:8791879.1

068174.1001

3.   This Court has personal jurisdiction over Amazon at least because Amazon has submitted to the jurisdiction of this Court.

4.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### The '690 Patent

5.   On November 16, 1999, United States Patent No. 5,986,690 ("the '690 patent") entitled "Electronic Book Selection and Delivery System" was duly and legally issued to Discovery by the United States Patent and Trademark Office.  Discovery is the owner of the entire right, title, and interest in the and to the '690 patent.  A true and correct copy of the '690 patent is attached as Exhibit A to this Reply.

### Infringement of the '690 Patent

6.   Discovery realleges and reincorporates by reference paragraphs 1-5 of the Counterclaim-In-Reply as though fully set forth herein.

7.   Amazon has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement, literally or under the doctrine of equivalents, of one or more claims of the '690 patent.

8.   Amazon's infringing activities in the United States and this District include the manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to the Kindle, Kindle 2, and Kindle DX, and the inducement of others to do the same.

9.   Amazon's infringing activities in the United States and this District also include the operation of the Amazon.com website and the provision of services related to the Kindle, Kindle 2, and Kindle DX through and by that website, including but not limited to the sale of electronic books.

10.  Amazon's infringing activities violate 35 U.S.C. § 271.

11.  Amazon's infringement of the '690 patent has been and is willful.

12.  Amazon's direct, induced, and/or contributory infringement has damaged Discovery.

11

## PRAYER FOR RELIEF

WHEREFORE, Discovery respectfully prays for judgment and relief as follows:

A.      With respect to Amazon's Counterclaims:

1.   That Amazon take nothing by way of its Counterclaims;

2.   That the Court enter judgment in favor of Discovery and against Amazon, dismissing Amazon's Counterclaims in their entirety with prejudice;

3.   That the Court grant the relief requested by Discovery in the Complaint (D.I. 1); and

4.   That the Court award Discovery any other relief to which this Court deems Discovery is entitled in law or in equity.

B.      With respect to Discovery's Counterclaim-In-Reply:

1.   A judgment that Amazon has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, the '690 patent in violation of 35 U.S.C. § 271;

2.   An award of damages adequate to compensate Discovery for Amazon's infringement of the '690 patent;

3.   In lieu of injunctive relief barring further infringement, a continuing royalty sufficient to compensate Discovery for any future infringement of the '690 patent;

4.   A declaration that this case is exceptional pursuant to 35 U.S.C. § 285;

5.   An award of treble damages pursuant to 35 U.S.C. § 284;

6.   An award of Discovery's costs, expenses, and attorneys' fees incurred in bringing and prosecuting this action pursuant to 35 U.S.C. § 285;

7.   An award of pre-judgment interest; and

8.   Any other relief to which this Court deems Discovery is entitled in law or in equity.

DB02:8791879.1                                                                                                                      068174.1001

YOUNG CONAWAY STARGATT &
   TAYLOR, LLP

_____

Elena C. Norman (No. 4780)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
jcastellano@ycst.com

OF COUNSEL:
Michael A. Jacobs
David E. Melaugh
MORRISON & FOERSTER LLP
525 Market Street
San Francisco, California  94105
(415) 268-7000

*Attorneys for Plaintiff Discovery
Communications, Inc.*

Dated:  October 1, 2009

13

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on October 1, 2009, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz [rhorwitz@potteranderson.com]
> David E. Moore [dmoore@potteranderson.com]
> POTTER, ANDERSON & CORROON
> 6th Floor, Hercules Plaza
> 1313 N. Market Street
> Wilmington, DE 19801
>
> Josh A. Krevitt [jkrevitt@gibsondunn.com]
> Y. Ernest Hsin [ehsin@gibsondunn.com]
> Sarah E. Piepmeier [spiepmeier@gibsondunn.com]
> GIBSON, DUNN & CRUTCHER LLP
> 200 Park Avenue
> New York, NY 10166

I further certify that I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel.

YOUNG CONAWAY STARGATT & TAYLOR LLP

Elena C. Norman (No. 4780)
Jeffrey T. Castellano (No. 4837)
Megan C. Haney (No. 5016)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302)-571-6600
jcastellano@ycst.com
*Attorneys for Discovery Communications, Inc.*