## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DISCOVERY COMMUNICATIONS, INC.,   )
   )
        Plaintiff,   )
   )   C.A. No. 09-178-ER
     v.   )
   )   **DEMAND FOR JURY TRIAL**
AMAZON.COM, INC.,   )
   )
        Defendant.   )

## INITIAL PRETRIAL CONFERENCE STATUS REPORT

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Josh A. Krevitt
Y. Ernest Hsin
Sarah E. Piepmeier
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000

*Attorneys for Defendant Amazon.com, Inc.*

Dated:  October 6, 2009
936623 / 34137

INITIAL PRETRIAL CONFERENCE STATUS REPORT

Date:   October 6, 2009

CIVIL ACTION NO.   C.A. No. 09-178-ER   JURY TRIAL  x   NON-JURY TRIAL

Title of Case:  Discovery Communications, Inc. v. Amazon.com, Inc.

Name of Party You Represent:  Amazon.com, Inc.

Party is: plaintiff _____ defendant  x  third-party defendant _____

Name of Trial Counsel:  Josh Krevitt, Y. Ernest Hsin, Sarah Piepmeier

Law Firm:  Gibson, Dunn & Crutcher LLP

Address:  200 Park Avenue; New York, NY 10166

Phone Number (including area code):  (650)849-5322   Fax No.  (650)849-5022

Basis for Jurisdiction:  Federal Question

Proof of Service Filed as to Defendant: Yes x   No

Has self-executing disclosure been completed Yes _____   No    x

If not, explain what remains to be completed?  The parties conducted a Rule 26(f) meet and confer conference on September 28, 2009, so initial disclosures are due on October 12, 2009, pursuant to Fed. R. Civ. P. 26(a)(1)(C).

What, if any, matters do you wish to bring to the attention of the court at the initial pretrial conference?  As noted below under "Additional Comments," the parties' proposed case schedules differ significantly.  For the reasons described, Amazon.com believes that its proposed schedule is reasonable given the complexity of this case and that, furthermore, its proposed schedule is consistent with this Court's and the District of Delaware's most recent scheduling practices.  Amazon.com further believes that the number of patents and complexity of this case necessitate the modifications to discovery limits detailed below.

Case will be ready for trial on or about:  July 5, 2011

Trial time:  a) Estimate of total time to present your case  5 days

             b) Estimate of total time for the entire trial  10 days

Additional Comments:

## Case Scheduling

The respective case schedules proposed by Amazon.com, Inc. ("Amazon.com") and Discovery Communications, Inc. ("Discovery") (attached as Attachment A) differ significantly in their projected time to Markman hearing and to trial.

Amazon.com believes that its proposed schedule properly reflects the complexity of this case.  There are four separate patents at issue in this case; Amazon.com is the assignee of two of the patents, while Discovery is the assignee of the other two. Between the four patents, there are a total of 278 patent claims potentially at issue.  The two parties' patents have different inventors and relate to different accused technologies – Discovery has asserted that its patents relate to Amazon.com's Kindle electronic book reader products, whereas Amazon.com's patent claims are directed to the functionality of Discovery's e-commerce websites.  Discovery will of course be required for each of the patents and accused technologies in this case. Taking into account the foregoing, Amazon.com has proposed a reasonable schedule to permit sufficient time for discovery and to meet other milestones in the case, with the Markman hearing and trial scheduled for ten months and approximately twenty months, respectively, from the anticipated date of the scheduling order in this case.

Amazon.com's proposed schedule is also consistent with the most recent scheduling practices of this Court and the District of Delaware.  In particular, in this Court's most recent scheduling order for a patent case, issued in *Inventio AG v. Thyseenkrupp Elevator Americas Corporation, et al.*, Docket No. 09-874-ER, the Court scheduled the Markman hearing to occur nine months after issuance of the scheduling order.  Notably, there appear to be only two patents at issue in *Inventio*, both of which have the same sole inventor, and both of which are assigned to the same party.  And there appear to be at most twenty-six patent claims that could be at issue in *Inventio* – an entire order of magnitude fewer claims than are potentially at issue here. Thus, the *Inventio* case appears to be significantly less complex than the present case, yet follows a schedule comparable to the one proposed by Amazon.com here.

Amazon.com further believes that its proposed time table is consistent with recent scheduling orders for patent cases in the District of Delaware.  For example, Judge Farnan's most recent scheduling order, issued October 3, 2009 in *St. Clair Intellectual Property Consultants, Inc., v. ACER, Inc.*, Docket No. 09-354-JJF, sets the Markman hearing at roughly nine months following the scheduling order, and trial roughly twenty-four months following the scheduling order.

In contrast, Discovery's proposal for this case would require the Markman hearing to occur just **four months** after the anticipated date of the scheduling order, and trial to begin just **nine months** after the date of the scheduling order.  Such a

schedule would be unreasonable and unfair in a case of merely average complexity, much less one as complicated as the current case.  Discovery's proposal would cut *five months* from the lengths of time to Markman that were allotted in the *Inventio* and *St. Clair Intellectual Property Consultants* cases described above, and *more than an entire year* from the time to trial in the *St. Clair Intellectual Property Consultants* case.

Discovery has further indicated that it may file a motion to sever and transfer Amazon.com's infringement counterclaims for U.S. Patents Nos. 6,029,141 (the "'141 Patent") and 7,337,133 (the "'133 Patent") to a separate proceeding between the parties in the Western District of Washington, *Amazon.com, Inc. v. Discovery Communications, Inc.*, Docket No. C09-0681-RSL ("Western District of Washington Ligitation").  Amazon.com will address the merits of such a motion, including Amazon.com's reasons for opposing such a motion, if and when it is filed.  As an initial matter, however, Amazon.com notes that the '133 and '141 infringement counterclaims in the current proceeding relate to entirely different patents, none of which share even a single inventor with the patents at issue in the Western District of Washington Litigation.  Furthermore, the '141 and '133 Patents relate to entirely different functionalities on Discovery's e-commerce website than those accused in the Western District of Washington Litigation, and will involve different witnesses and third parties.

Regardless of the merits of Discovery's proposed motion to sever and transfer, however, Discovery's infringement claims in this case based on its own patents give rise to 211 separate patent claims that could potentially be asserted against Amazon.com in the present matter.  There are also literally hundreds of domestic and foreign patents and patent applications related to the two patents Discovery alleges that Amazon.com infringes in the present matter.  The representations Discovery made in the course of prosecuting these numerous related patents, for which Amazon.com will seek discovery, pertain at least to the invalidity and unenforceability of Discovery's asserted patents. The volume and complexity of discovery anticipated, therefore, whether or not Discovery's anticipated motion (if it is filed) has any merit, is immense.

For at least the foregoing reasons, Amazon.com believes that its proposed schedule is reasonable given the complexity of this case and, furthermore, more consistent with both this Court's and the District of Delaware's most recent scheduling practices for patent cases.  This holds true whether or not Discovery moves to sever and transfer Amazon.com's infringement

counterclaims for the '133 and '141 Patents. Finally, the sample scheduling orders upon which Discovery appears to be basing its proposed schedule are all older and for less complex cases than the current case.

## Discovery

*Subject Matter*

Amazon.com anticipates seeking discovery concerning Discovery's asserted patents and their numerous related domestic and foreign patents and applications. Amazon.com will seek discovery concerning Discovery's claims of infringement and regarding facts relevant to Amazon.com's defenses and counterclaims, including invalidity and inequitable conduct, as mentioned above.

Amazon.com will also seek discovery concerning Discovery's infringement of Amazon.com's '141 and '133 Patents, as well as related damages, the willfulness of Discovery's infringement, and the merits of Discovery's asserted defenses.

*Depositions and Interrogatories*

Amazon.com believes that, given the number of patents and the complexity of this case, each party should be allowed 25 depositions, not including those of third parties. Depositions will be required for at least inventors, experts, individual witnesses, and corporate 30(b)(6) witnesses. Amazon.com further advocates that the number of interrogatories allowed to each party be increased to 40.

*Evidence from Unrelated Proceedings*

Discovery has indicated that it may seek a provision to designate as admissible any deposition taken in the Western District of Washington Litigation. Amazon.com disagrees that such a requirement is warranted, given the facts that the two litigations involve separate patents, separate accused technologies, and different inventors. At a minimum, Discovery's proposal is premature, as the parties do not yet even know which witnesses will be deposed and on which topics. To the extent that overlapping issues do arise in the course of litigation, Amazon.com will cooperate with Discovery to reduce the burden on witnesses' time and the resources of the respective courts, including through potential cross-use of testimony.

_/s/ Richard L. Horwitz_

Counsel for Amazon.com, Defendant
and Counterclaimant

936623 / 34137

**Attachment A:**
**Discovery Communications, Inc. and Amazon.com, Inc.'s Respective Scheduling Proposals**

| EVENT | DISCOVERY PROPOSAL | AMAZON PROPOSAL |
|---|---|---|
| Deadline to amend pleadings or join parties | November 4, 2009 | April 2, 2010 |
| Exchange proposed claim terms for construction | December 4, 2009 | May 12, 2010 |
| Meet and confer re: list of proposed terms | TBD by parties between Dec. 4 and Dec.16 | May 19, 2010 |
| Exchange draft claim constructions | December 16, 2009 | May 28, 2010 |
| Meet and confer re: proposed and possible joint constructions | TBD by parties between Dec.16 and Dec. 23 | June 9, 2010 |
| Submit joint claim construction statement to Court | December 23, 2009 | June 18, 2010 |
| Opening Markman briefs | January 13, 2010 | July 16, 2010 |
| Responsive Markman briefs | February 12, 2010 | August 13, 2010 |
| Markman hearing | February 26, 2010 | August 27, 2010 |
| Close of fact discovery | March 19, 2010 | November 12, 2010 |
| Opening expert reports | April 2, 2010 | December 10, 2010 |
| Rebuttal expert reports | April 16, 2010 | January 7, 2011 |
| Close of expert discovery | April 30, 2010 | February 18, 2011 |
| Opening briefs for dispositive motions | May 7, 2010 | March 18, 2011 |

| Event | Discovery Proposal | Amazon Proposal |
|---|---|---|
| Responsive briefs for dispositive motions | May 28, 2010 | April 15, 2011 |
| Pre-trial memoranda, proposed jury instructions | July 19, 2010 | June 10, 2011 |
| Trial date  (estimated 10-day trial) | August 2, 2010 | July 5, 2011 |

936629 / 34137