IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DISCOVERY COMMUNICATIONS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 09-178-ER |
| AMAZON.COM, INC., a Delaware corporation, | ) ) | |
| Defendant. | ) ) | |

**JOINT STIPULATION REGARDING EXPERT WITNESS DISCOVERY**

WHEREAS, Plaintiff Discovery Communications, Inc. and Defendant Amazon.com, Inc. expect to retain expert witnesses in the above-captioned case to render opinions on issues such as infringement and invalidity of the patents in suit and prospective damages for any alleged infringement;

WHEREAS, the parties would like to simplify the process of discovering information from testifying expert witnesses in this case;

WHEREAS, the parties have agreed that they do not wish to produce drafts of expert reports, declarations, or demonstratives, and certain other related materials or information to opposing counsel;

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AS FOLLOWS:

sf-2817838

1. No testifying expert shall be subject to discovery of any draft of his or her report prepared for this case or other related cases, including, but not limited to, legal action involving the parties in the United States District Court for the Western District of Washington, that was written by the testifying expert or his or her staff (including portions drafted in cooperation with a party's counsel), and such draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff (including portions drafted in cooperation with a party's counsel) are also exempt from discovery;

2. No discovery can be taken from any consulting expert who does not testify except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in formulating opinions that are presented in reports, declarations, affidavits, or trial or deposition testimony in this case, in which case the scope of discovery shall be limited to the subject matter of the information, opinions, or other materials relied upon by the expert and communications between the testifying and consulting experts, and shall not extend to any information, opinions, materials, or communications between the non-testifying consulting expert and counsel;

3. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, declarations, affidavits, or trial or deposition testimony in this case, in which case the scope of discovery shall be limited to the information relied upon by the expert and shall not extend to the remainder of any conversation or communication in which such information appeared;

4. Materials, communications, and other information exempt from discovery under the foregoing paragraphs shall be treated as attorney-work product for the purposes of this litigation;

sf-2817838

- 3 -

5. Subject to Paragraphs 2 and 3 above, each expert report exchanged in this case must include an appendix listing all documents and materials reviewed by the expert in preparation for the report, and for each document or material so listed, the corresponding Bates numbers must be identified, or if not previously produced, a copy of each listed document or material must be provided with the report.

Dated: April 5, 2010

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| */s/ Jeffrey T. Castellano* <br> Elena C. Norman (No. 4780) <br> Jeffrey T. Castellano (No. 4837) <br> The Brandywine Building <br> 1000 West Street, 17th floor <br> Wilmington, DE 19801 <br> (302) 571-6600 <br> *enorman@ycst.com* <br> *jcastellano@ycst.com* | */s/ Richard L. Horwitz* <br> Richard L. Horwitz (No. 2246) <br> David E. Moore (No. 3983) <br> Hercules Plaza, 6th Floor <br> 1313 N. Market Street <br> Wilmington, DE 19801 <br> (302) 984-6000 <br> *rhorwitz@potteranderson.com* <br> *dmoore@potteranderson.com* |
| OF COUNSEL: <br> Michael A. Jacobs <br> Deok Keun Matthew Ahn <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105 <br> (415) 268-7000 <br><br> *Attorneys for Plaintiff* <br> *Discovery Communications, Inc.* | OF COUNSEL: <br> Josh A. Krevitt <br> Y. Ernest Hsin <br> Sarah E. Piepmeier <br> 200 Park Avenue <br> New York, NY 10166 <br> (212) 351-4000 <br><br> *Attorneys for Defendant* <br> *Amazon.com, Inc.* |

sf-2817838